# EXHIBIT A

Filing # 136471887 E-Filed 10/13/2021 01:17:07 PM



IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR
NASSAU COUNTY, FLORIDA

KWYNN KOOP,

    Plaintiff,

vs.

FUTURE MOTION, INC., a Delaware
Corporation,

    Defendant.

_____/

Case No.: 21-CA-271

CIRCUIT CIVIL DIVISION

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the Complaint and Discovery Requests in this action on the above named defendant:

> **FUTURE MOTION, INC.**
> Registered Agent:
> A Registered Agent, Inc.
> 8 THE GREEN Ste. A,
> Dover, DE, 19901

Each defendant is required to serve written defenses to the Complaint or petition on Plaintiff's Attorney, Aaron A. Karger, Esquire, Law Offices of Aaron A. Karger, P.A., 16211 NE 18th Avenue, Miami, FL 33162 within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated: October 19, 2021

JOHN A. CRAWFORD

Clerk of Courts

Court Seal



By: _Amy B. Ennis_
Deputy Clerk

Electronically Filed Nassau Case # 21CA000271AXYX 10/13/2021 01:17:07 PM

IN THE CIRCUIT COURT OF THE 4th JUDICIAL CIRCUIT IN AND FOR NASSAU COUNTY, FLORIDA

KWYNN KOOP,

    Plaintiff,

vs.

FUTURE MOTION, INC., a Delaware Corporation,

    Defendant.

_____/

Case No.: 21CA000271AXYX

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KWYNN KOOP (hereinafter "Plaintiff,,), by and through undersigned counsel, hereby sues Defendant, FUTURE MOTION, INC. (hereinafter "Future Motion,, or "Defendant,,) for damages and, in support thereof, states as follows:

### NATURE OF ACTION

1. This is an action for damages arising out of personal injuries, as a result of serious defects and negligence caused by the Defendant, Future Motion, Inc.'s ("Future Motion,, or "Defendant,,) product, the Onewheel + XR ("Onewheel,,), a self-balancing electric transporter manufactured and marketed by Future Motion.

### PARTIES

2. Plaintiff, Kwynn Koop ("Plaintiff,,), at all times material to this action, was and is a resident of Murphy, North Carolina.

3. At all material times, Defendant, Future Motion, Inc. ("Defendant,, or "Future Motion,,) was and is a Delaware corporation with its principal place of business in Santa Cruz, California.

AAK LAW OFFICES OF AARON A. KARGER, P.A.

At all material times, Future Motion was duly authorized to and was doing business generally in Florida, including Nassau County.

4. Defendant, Future Motion, at all times material to this action, is a digital vehicle company involved in research, development, testing, manufacture, production, promotion, distribution, and marketing of Onewheel for distribution, sale, and use by the general public, throughout the United States and the State of Florida.

5. At all material times, Future Motion was and is duly authorized to and does conduct business in the State of Florida and in the county of Nassau.

6. At all material times, Future Motion derived and derives substantial revenues from products it sells in the State of Florida and in the county of Nassau.

7. At all material times, Future Motion marketed, distributed, and sold Onewheel in the States of North Carolina and Florida, including Nassau County Florida. Future Motion marketed, distributed, and sold Onewheel to third parties in both North Carolina and Florida, including plaintiff.

## VENUE AND JURISDICTION

8. This is an action for damages, which exceed the jurisdictional amount of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest, and attorney's fees.

9. Venue is proper in Nassau County, pursuant to Fla. Stat. Section 47.051, as the incident giving rise to this action occurred in Nassau County, Florida.

10. Defendant, Future Motion, is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the State of Florida; has an office or agency in the State of Florida; caused injury to persons or property within the State of Florida arising out of an act or omission it committed outside the state; manufactures, processes,

AAK LAW OFFICES OF AARON A. KARGER, P.A.

or services products or material that are used in the State of Florida in the ordinary course of commerce, trade, or use; and/or committed one or more of the acts stated in Fla. Stat. Sections 48.081, 48.181, or 48.193.

## GENERAL ALLEGATIONS

11. Defendant, Future Motion's product, Onewheel + XR, is a self-balancing, battery-powered, one-wheeled electric transport that is often described as an electric skateboard. The product was and is advertised, analyzed, assembled, compounded, designed, developed, distributed, formulated, inspected, labeled, manufactured, marketed, packed, produced, promoted, processed, researched, sold, and tested by Future Motion. Upon information and belief, Future Motion developed and designed not only the Onewheel product line, but all the subsystems that power it, including motors, power electronics, battery modules, and smartphone applications ("apps,,).

12. Operation of Future Motion's Onewheel is controlled and/or monitored, in part, by an "app,, installed on users' smartphones. The Onewheel app allows users to view their total miles, battery life, speed, and other information. The speed indication of the Onewheel app is similar to a speedometer in a car. It lists the maximum speed as 26.1 miles per hour, even though the published maximum speed for the Onewheel + XR is far less – approximately 19 miles per hour.

13. Future Motion promotes itself as being "IN THE BUSINESS OF MAKING THE FUTURE RAD.,, (https://onewheel.com/pages/about-us). Videos on Onewheel's website depict users riding the Onewheel device in a variety of settings – in concrete drainage basins, through standing water, on the open highway (with cars approaching), across dirt paths, on the beach, through wooded areas, across fallen logs, and on and off the sidewalk.

14. One of Onewheel's key features (and its most dangerous and unpredictable feature) is that it will provide the rider with "pushback,, when approaching the device's limits during use. Often,

Page 3

AAK LAW OFFICES OF
AARON A. KARGER, P.A.

however, instead of or in addition to such "pushback,", which is allegedly designed as a warning to riders to avoid a dangerous situation, the Onewheel will simply nosedive and shut off, often resulting in the rider being thrown off the device. The harder the device works to maintain operation, the less the Onewheel is able to assist the rider in balancing. Once the motor's resources reach a critical point, the motor's normal ability to help the rider balance disappears, and the rider will experience an unexpected nosedive. Often, this will feel to the rider like the motor suddenly cut out or shut down. Different factors create a variability as to when and what will cause the Onewheel to nosedive and shut down, including the rider's weight, the tire pressure, the wind direction, the rider's stance, the battery level, the grade of incline or decline, and other factors. Thus, predicting exactly when or what will cause a nosedive is nearly impossible.

15. The leading cause of "pushback,, nosediving is velocity. When experiencing velocity pushback, the rider will purportedly feel the nose of the board rise to various degrees when a certain velocity is reached. Often, velocity pushback occurs at a speed lower than that of the maximum due to the above-mentioned factors

16. Pushback and nosedives often occur when ascending or descending hills, purportedly to alert the rider, again, that the motor may be becoming overworked. The problem with this form of pushback, however, is that it is difficult to discern whether the rider is feeling pushback, or whether it is the natural resistance caused by the incline/decline. While ascending hills, riders are already pressing against the nose and the grade of the hill to ascend and, therefore, may not discern pushback as pushback While descending, a rider may not feel pushback because his or her weight is likely to already be on the tail to control speed. Pushback in such situations will likely result in a sudden nosedive or tailspin, especially if the rider is unaware that the board is giving him or her

pushback. Again, the result will be that the rider feels the board suddenly shut down during operation.

17. Another form of pushback occurs when the Onewheel is nearing battery depletion. This pushback purportedly alters riders by elevating the nose dramatically. When the Onewheel purportedly senses that the batteries are about to be damaged by over-depletion, the board will shut off entirely, leaving the rider left to suddenly and unexpectedly recalibrate his or her balance, often resulting in the rider being thrown from the board.

18. Yet another form of pushback is referred to as regeneration pushback. One way that the Onewheel recharges its battery is to collect kinetic energy when going down a decline and to reserve such power in the battery. However, this may result in the battery becoming overcharged, which would cause damage to the battery. Future Motion "addressed,, this problem by designing the board to suddenly and unexpectedly shut down in order to prevent battery damage, at the expense of rider safety. Instead of having the battery reach overcharge, prior to regeneration-related damage to the battery, the Onewheel will shut down. The same problems in discerning pushback while ascending/descending also occur in this situation.

19. Another common cause of nosedives is due to acceleration. If a rider attempts to accelerate quickly, the motor may not support the sudden weight and force on it, and the nose will suddenly drop. Yet, one of the features of the Onewheel is its ability to accelerate quickly, even from a complete stop. Such acceleration nosedives can happen at any speed, even from a dead stop, and the rider will feel as though the motor has suddenly cut out or shut off. Tail-slides occur when the rider shifts his/her weight onto the back of the board, and thereby overwhelms the motor In that case, the tail of the board will suddenly drop and slide on the ground, causing the rider to become instantly unbalanced.

20. Not only is it prohibitively difficult to determine when nosedives/tail-slides/shut-offs will occur, but the result of such unexpected and indiscernible events almost invariably cause the rider to be ejected or fall from the board, resulting in severe injuries (as in this case) or, possibly, death. A Onewheel nosedive or shut-off is not a small event as it might be with any other type of vehicle. The front of the board violently slams into the ground, and then the rider is inevitably thrown forward.

21. On April 11, 2021, Plaintiff, Kwynn Koop, was riding his Onewheel + XR in Nassau County, Florida. At no time prior to Plaintiff's accident and injury, was the Onewheel altered or damaged in any way and at all times was maintained in the same condition as when manufactured by Defendant Future Motion. Plaintiff's Onewheel was still nearly brand new. He was riding with a nearly full battery, on a flat beach, not excessively fast, when without "pushback,, or warning Plaintiff's Onewheel suddenly "nosedived,,, causing the front of the board to violently and unexpectedly slam into the ground, throwing Plaintiff forward from the board. As a result of being unexpectedly thrown off the Onewheel, Plaintiff suffered severe trauma and injuries including a concussion and loss of memory.

22. Plaintiff received medical treatment from the University of Florida Health Shands Gainesville hospital, where he was diagnosed with a concussion, a broken left clavicle requiring surgery, multiple broken ribs, and a pneumothorax. Plaintiff was in the intensive care unit for three days.

23. As a direct and proximate result of the defective and unreasonably dangerous condition of the Onewheel product at the time of the incident on April 11, 2021, Plaintiff has suffered severe, disfiguring, and permanent injuries, for which he now brings suit.

## COUNT I: NEGLIGENCE

24. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs, as if fully alleged herein.

25. At all times material to this action, Plaintiff used the Onewheel device in the manner in which Defendant intended it to be used.

26. Defendant owed a duty of reasonable care in the design, development, testing, manufacture, assembly, marketing, selling, and distribution of the Onewheel device so as to avoid exposing Plaintiff to unnecessary and unreasonable risks.

27. Defendant breached its duty to Plaintiff in one or more of the following ways:

(a) By negligently failing to provide adequate warnings, instructions, and information that would alert users to the unreasonably dangerous risks of the Onewheel, including, among other things, its unpredictable propensity to shut off suddenly, nosedive, or tail-slide while in operation, without warning, as described above;

(b) By negligently failing to incorporate within the Onewheel device and its design reasonable safeguards and protections against nosedives, tail-slides, and shut-offs, and the consequences thereof;

(c) By negligently failing to make timely correction to the design of the Onewheel device to correct the nose-dives, tail-slides, and shut-offs, and the consequences thereof;

(d) By negligently failing to adequately identify and mitigate the hazards associated with nosedives, tail-spins, and shut-offs, in accordance with good engineering practices;

(e) By negligently failing to adequately test the Onewheel device to ensure it provided foreseeable users with reasonable safety in foreseeable crashes;

(f) By negligently designing the Onewheel device from a rider's protection standpoint;

(g) By failing to adequately warn foreseeable users of the unreasonably dangerous and defective condition(s) of the device despite that Defendant knew or should have known of the unreasonably dangerous condition(s);

(h) By failing to disclose known problems and defects;

(i) By marketing the Onewheel as reasonably safe;

(j) By negligently designing the Onewheel from a marketing standpoint in that the device was marketed as reasonably safe for the users for which Defendant presented it publicly;

(k) By failing to meet or exceed internal corporate guidelines;

(l) By failing to notify consumers, as required by law, that a defect exists in the Onewheel device that relates to public safety;

(m) By failing to recall the Onewheel device or, alternatively, retrofitting the device to enhance safety;

(n) By failing to provide adequate warning and/or instructions to foreseeable users of the unreasonable, dangerous, and defective condition of the Onewheel device, despite that Defendant knew or should have known that the Onewheel was unsafe and could cause severe and even fatal injuries during its "normal,, operation, as alleged herein, yet Defendant failed to adequately warn users of the risk of serious injury or death; and

(o) By failing to inform the consumer, including Plaintiff, that Defendant knew about the propensity of nosedives, tail-spins, and shut-offs causing serious injuries to riders, thus depriving consumers of the right to make a conscious or free choice in light of the known risks of operating the Onewheel device.

28. As a direct and proximate result of Defendant's negligence, as alleged herein, Plaintiff sustained serious and permanent injuries resulting from a concussion and loss of memory; physical pain; mental anguish; pain and suffering; loss of enjoyment of life; disability and disfigurement; has incurred medical expenses in the care of his treatment of his injuries; will incur medical expenses in the care and treatment of his injuries in the future; has suffered physical handicap; and has sustained loss of earnings in the past and will sustain loss of earnings/earning capacity in the future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all damages allowable under the law, with costs and interest, and all other relief deemed appropriate by the Court, as well as trial by Jury.

## COUNT II: STRICT LIABILITY

29. Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs, as if fully set forth herein.

30. At all times material to this action, Plaintiff used the Onewheel device in the manner in which the Defendant intended it to be used.

31. At all times material to this action, Defendant designed, developed, manufactured, marketed, assembled, tested, distributed, sold and placed into the stream of commerce the Onewheel device and its component systems.

32. At all times material to this action, Defendant has purposefully engaged in the business of designing, developing, manufacturing, marketing, assembling, distributing, promoting and/or selling, either directly or indirectly through third parties, the Onewheel device in Florida, for which

they derived significant and regular income, and Defendant reasonably expected that their defective Onewheel product would be sold and used by consumers in Florida.

33. At all times material to this action, the Onewheel device was unreasonably dangerous and defective because:

    (a)    Defendant failed to use due care in the design, developing, manufacturing, marketing, assembly, distribution, promotion, and sale of the Onewheel and its component parts in order to avoid the aforementioned risks to an individual;

    (b)    Defendant failed to provide adequate warnings, instructions, and information that would alert users to the dangerous risks of the Onewheel, including, among other things, its propensity to nosedive, tail-slide, and shut-off while being ridden;

    (c)    Defendant failed to incorporate within the Onewheel device and its design reasonable safeguards and protections against nosedives, tail-slides, and shut-offs during normal operation of the Onewheel, and the consequences thereof;

    (d)    Defendant failed to make timely correction of the design of the Onewheel device to correct nosedives, tail-slides, and shut-offs during normal operation;

    (e)    Defendant failed to adequately identify and mitigate the hazards nosedives, tail-slides, and shut-offs in accordance with good engineering practices;

    (f)    Defendant failed to adequately test the Onewheel device to ensure it provided foreseeable users with reasonable safety during foreseeable use;

    (g)    Defendant failed to adequately design the Onewheel device from a rider protection standpoint;

(h) Defendant failed to adequately warn and/or instruct foreseeable users of the unreasonably dangerous and defective condition(s) of the Onewheel device, despite the fact that Defendant knew or should have known of the unreasonably dangerous and defective condition(s);

(i) Defendant failed to disclose known problems and defects with the Onewheel device that relate to public safety;

(j) Defendant marketed the Onewheel product as safe for use when, in fact, Defendant knew or should have known that the product was unsafe for use, and that it was actually unreasonably dangerous to use when operated as intended by Defendant.

(k) Defendant continued to aggressively manufacture, market, promote, distribute, and sell the Onewheel device, even after it knew or should have known of the unreasonable risks of serious injury and/or death caused by use of the Onewheel;

(l) Defendant failed to meet or exceed internal corporate guidelines;

(m) Defendant failed to recall the Onewheel product, or, alternatively, failed to retrofit the Onewheel to enhance safety;

(n) Defendant failed to inform consumer, including Plaintiff, that Defendant knew about the risks of nosedives, tail-spins, and shut-offs in the Onewheel product, thus depriving Plaintiff of the right to make a conscious or free choice in light of known risks of operating the Onewheel device. The Onewheel device was more dangerous than an ordinary consumer would expect, and more dangerous than other similar devices.

35. As a direct and proximate result of the Onewheel being unreasonably dangerous and defective, Plaintiff sustained serious and permanent injuries including a concussion and loss of memory; physical pain; mental anguish; pain and suffering; loss of enjoyment of life; disability and disfigurement; has incurred medical expenses in the care of his treatment of his injuries; will

AAK LAW OFFICES OF AARON A. KARGER, P.A.

incur medical expenses in the care and treatment of his injuries in the future; has suffered physical handicap; and has sustained loss of earnings in the past and will sustain loss of earnings/earning capacity in the future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all damages allowable under law, with costs and interest, and all other relief deemed appropriate by the Court, as well as a trial by Jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, Future Motion, Inc., as follows:

1. Awarding compensatory damages to the Plaintiff in an amount to be determined at trial, including damages for past and future pain and suffering, emotional distress, disability, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, past and future medical expenses, and lost wages and loss of future earning capacity;
2. Awarding pre-judgment and post judgment interest to Plaintiff;
3. Awarding the costs and expenses of this litigation to Plaintiff;
4. Awarding reasonable attorney's fees and costs to Plaintiff as provided by law; and
5. Granting all such other relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury on all counts and as to all issues so triable.

Respectfully submitted,

/s/ *Aaron A. Karger*
Aaron A. Karger, Esq.
FBN: 93226
Law Offices of Aaron A. Karger, P.A.
Attorney for Plaintiff
1 NE 2nd Avenue
Suite 200
Miami, Florida 33132
Tel: (305) 577-7772
Fax: (305) 602-9357
Email: aaron@aak-law.com
E-service: service@aak-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Complaint was served with Summons, on:

> John J. Wackman, MSBA No. 0251884
> Christine M. Mennen, MSBA No. 0322349
> 250 Marquette Ave. S, Ste. 800
> Minneapolis, MN 55401
> 612.305.7500 Phone
> 612.305.7501 Fax
> Email: jwackman@nilanjohnson.com
> cmennen@nilanjohnson.com
> *Attorneys for Defendant Future Motion, Inc.*

DATED this 9th day of September, 2021.

/s/ *Aaron A. Karger*
Aaron A. Karger, Esq.